THE HONORABLE TIFFANY M. CARTWRIGHT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER C. JOHNSON,

Plaintiff,

v.

LEXISNEXIS RISK SOLUTIONS INC.,

Defendant.

Case No.  3:23-CV-05615-TMC

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by its counsel, hereby specially appears in this case[1] to oppose Plaintiff Christopher C. Johnson's ("Plaintiff") Motion for Default Judgment (the "Motion"), Dkt. No. 13.

## I. **INTRODUCTION**

Plaintiff's Motion must be denied because LNRS has not been properly served. Plaintiff claims to have satisfied the requirements of Federal Rule of Civil Procedure 4 by serving LNRS via certified mail to LNRS' registered agent in Washington.  However, Rule 4 does not allow service by mail and under Washington law, service by mail is only permitted after the serving party files an affidavit establishing that service by mail is just as likely to give actual notice as service by publication and the court issues an order permitting service by mail.  Plaintiff has not filed such an affidavit and this Court has not issued an order allowing him to serve LNRS by mail.

---

[1] LNRS was not properly served in this case.  LNRS reserves all rights and arguments relating to personal jurisdiction and Plaintiff's failure to serve LNRS.

DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT - 1
CASE NO. 3:23-CV-05615-TMC
128991.0006/9518096.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1   For these reasons, Plaintiff's attempted service via certified mail is not proper.  Without proper

2   service, this Court lacks personal jurisdiction over LNRS, and default cannot be entered against

3   LNRS.  Plaintiff's request for "default judgment" must likewise be dismissed because the Clerk

4   has not entered any default against LNRS.  Both Federal Rule of Civil Procedure 55 and Local

5   Rule 55 require an entry of default prior to a motion for default judgment.

6       For the reasons further explained below, LNRS respectfully requests that the Court deny

7   Plaintiff's Motion.

8                          II.  **PROCEDURAL HISTORY**

9       Plaintiff filed this case on July 8, 2023, requesting to proceed *in forma pauperis*.  Dkt. No.

10   1.  The Court granted Plaintiff's motion and the complaint was filed on July 13, 2023.  Compl.,

11   Dkt. No. 5.  On August 30, 2023, Plaintiff filed an Affidavit of Mailing of Summons and

12   Complaint (the "Affidavit").  Dkt. No. 11.  The Affidavit indicates that on August 17, 2023,

13   Plaintiff attempted to serve LNRS by <u>certified mail</u> to CT Corporation System, c/o LexisNexis

14   Risk Solutions, 711 Capitol Way S. Ste. 204, Olympia, WA 98501.  *Id.*

15       On September 9, 2023, Plaintiff filed the Motion.  Dkt. No. 13.  The Motion includes an

16   "Affirmation of Christopher C. Johnson" (the "Affirmation") which states that LNRS was served

17   via certified mail on August 17, 2023 via its registered agent in Washington.  *Id.*

18       The Affidavit and the Affirmation fail to include any facts related to a determination by

19   the court that service by mail is just as likely to give actual notice as service by publication.  Dkt.

20   Nos. 11, 13.  The Court has not issued an Order granting Plaintiff permission to serve LNRS via

21   certified mail.

22       The Clerk has not entered any default against LNRS.

23                          III.  **LEGAL STANDARD**

24       "Generally, default judgment is a two-step process: first, the court determines that a

25   default judgment should be entered; then, it determines the amount and character of the relief that

26   should be awarded."  *Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1182 (W.D. Wash. 2022).  Under

27   both the Western District of Washington Local Rules and the Federal Rules of Civil Procedure a

DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT - 2
CASE NO. 3:23-CV-05615-TMC
128991.0006/9518096.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1  default must be entered prior to a motion for default judgment.  *See* L.R. 55(b)(1) ("No motion

2  for judgment by default should be filed against any party unless the court has previously granted

3  a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been

4  entered."); Fed. R. Civ. P. 55.  "Thus, before it may consider a motion for default judgment, the

5  court must have previously granted a motion for default."  *Sifuentes v. Nautilus, Inc.*, No. C21-

6  5613JLR, 2021 U.S. Dist. LEXIS 228077, at *1 (W.D. Wash. Nov. 29, 2021).

7          Default judgments are generally disfavored in law, which prefers a resolution of claims

8  on their merits.  *Parker v. Soc'y for Creative Anachronism*, No. 3:23-cv-05069-RJB, 2023 U.S.

9  Dist. LEXIS 101867, at *5 (W.D. Wash. June 12, 2023) ("Judgment by default is a drastic step

10  appropriate only in extreme circumstances; a case should, whenever possible, be decided on the

11  merits." (citing *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085,

12  1091 (9th Cir. 2010)).  When considering a motion for default judgment, courts consider the

13  adequacy of service of process before addressing the merits of the motion.  *Isaacson v. Fudge*,

14  Case No. 2:23-cv-00351-JHC, 2023 U.S. Dist. LEXIS 121640, at *2 (W.D. Wash. July 14, 2023).

15  "It is axiomatic that service of process must be effective under the Federal Rules of Civil

16  Procedure before a default judgment may be entered against a defendant."  *Hicks v. Kuula*, No.

17  05-5137, 2005 U.S. Dist. LEXIS 52894, at *2 (W.D. Wash. Aug. 3, 2005).

18          Also, "[w]ithout substantial compliance with Rule 4 neither actual notice nor simply

19  naming the defendant in the complaint will provide personal jurisdiction."  *Direct Mail Specialists*

20  *v. Eclat Computerized Techs.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal citations omitted); *see*

21  *also Omni Cap. Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may

22  exercise personal jurisdiction over a defendant, the procedural requirement of service of summons

23  must be satisfied.").  Once service is challenged, Plaintiff bears the burden of establishing that

24  service is complete and valid under Rule 4.  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.

25  2004).

26

27

DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT - 3
CASE NO. 3:23-CV-05615-TMC
128991.0006/9518096.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# IV.  ARGUMENT

**A.      LNRS has not been properly served, so there is no basis for an entry of default.**

Federal Rule of Civil Procedure 4(h) provides two methods for proper service on a corporate defendant: either personally delivering a copy of the summons and complaint to the appropriate corporate officer or following state law for service of process in the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(h)(1).  Under Washington law, a corporation may be served by delivering the summons "to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent."  Rev. Code Wash. § 4.28.080(9).

Importantly, service by certified mail, absent an order from the court, is not proper under either Federal Rule of Civil Procedure 4(h) or Washington law.  *Wilson v. Bank of Am., N.A.*, No. C13-1567RSL, 2014 U.S. Dist. LEXIS 28336 at *8-9 (W.D. Wash. March 4, 2014) ("Neither Washington state law nor Rule 4(h) provides for service by certified mail, absent an order by the court."); *see also Sifuentes*, 2021 U.S. Dist. LEXIS 228077, at *2-3 (denying motion for default where plaintiff served by certified mail because "service by mail is not a manner authorized by" Rule 4 or Washington law) (citations omitted); *Griffith v. American Home Prods. Corp.*, 85 F. Supp. 2d 995, 998 (E.D. Wash. 2000) (holding defendant had no obligation to accept service by certified mail because "service by mail is only adequate when authorized by court order pursuant to a finding that such service is equally as likely to be effective as service by publication."). "[S]ervice by mail constitutes proper service only after the serving party files an affidavit 'stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication' and the court issues an order for service to be completed by mail." *Wilson*, 2014 U.S. Dist. LEXIS 28336, at *8 (citing Wash. CR 4(d)(3)-(4)).

Here, Plaintiff has not filed the required affidavit and there is nothing on the record to indicate that the Court granted Plaintiff permission to serve LNRS via certified mail.  Thus, Plaintiff has not established that LNRS was properly served.

DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT - 4
CASE NO. 3:23-CV-05615-TMC
128991.0006/9518096.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1    Finally, Washington law also allows service by certified mail on a corporation's "principal

2    office" when "its registered agent cannot with reasonable diligence be served."  Rev. Code Wash.

3    § 23.95.450.  Plaintiff has not made any showing that LNRS' registered agent could not be served

4    with reasonable diligence.  But even if he did, Plaintiff's service on LNRS' Washington registered

5    agent would not comply with section 23.95.450 because Plaintiff did not send the certified mail to

6    LNRS' principal office, which is located at in Alpharetta, Georgia.

7    Service is also improper because Plaintiff served the summons and Complaint himself.  Rule

8    4(c)(2) requires that service be made by someone that is "not a party" to the case.  Plaintiff's

9    Affidavit admits that he attempted to serve LNRS on his own and without the assistance of a non-

10   party.  Plaintiff's Motion should be denied on this ground alone.

11   Without valid service, the Court lacks personal jurisdiction over LNRS.  *Omni Cap. Int'l.,*

12   *Ltd. v. Rudolf Wolff & Co., Ltd*., 484 U.S. 97, 104 (1987) ("Before a federal court may exercise

13   personal jurisdiction over a defendant, the procedural requirement of service of summons must be

14   satisfied.  Service of summons is the procedure by which a court having venue and jurisdiction of

15   the subject matter of the suit asserts jurisdiction over the person of the party serviced.").  For these

16   reasons, the Court should deny Plaintiff's Motion.

17   **B.    Plaintiff's Motion for Default Judgment is procedurally improper.**

18   This Court provides specific requirements for a party seeking default judgment.

19   Specifically, pursuant to Local Rule 55(b)(1), "[n]o motion for judgment by default should be

20   filed against any party unless the court has previously granted a motion for default against that

21   party pursuant to LCR 55(a) or unless default otherwise has been entered."  Federal Rule of Civil

22   Procedure 55 also requires the clerk to have entered a default prior to a motion for default

23   judgment.  *Multifab, Inc. v. ArlanaGreen.com*, 122 F. Supp. 3d 1055, 1061-62 (E.D. Wash. Aug.

24   11, 2015) ("Before a court can enter a default judgment, the moving party must show that the

25   clerk has entered default against whom a judgment for affirmative relief is sought." (citing Fed.

26   R. Civ. P. 55(a)).  Because the Court has not entered any default in this case, Plaintiff's request

27   for default judgment is procedurally improper and must be denied.

DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT - 5
CASE NO. 3:23-CV-05615-TMC
128991.0006/9518096.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

1

## V.  CONCLUSION

2

For the foregoing reasons, LexisNexis Risk Solutions Inc. respectfully requests that the

3

Court deny Plaintiff's Motion for Default Judgment and grant any other such relief as may be

4

appropriate.

5

DATED: September 22, 2023

6

LANE POWELL PC

7

By:    s/ Abraham K. Lorber

8

Abraham K. Lorber, WSBA No. 40668
1420 Fifth Avenue, Suite 4200

9

P.O. Box 91302
Seattle, Washington 98111-9402

10

Telephone:  206.223.7000
lorbera@lanepowell.com

11

12

*Attorneys for Defendant LexisNexis Risk Solutions Inc.*

13

I certify that this memorandum contains 1,688 words, in compliance with the local Civil Rules.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT - 6
CASE NO. 3:23-CV-05615-TMC
128991.0006/9518096.2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107