UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Christopher C. Johnson, | Case No. 3:23-cv-05615-TMC |
| Plaintiff, | ORDER DENYING MOTION FOR DEFAULT JUDGMENT |
| v. | |
| LexisNexis Risk Solutions, | |
| Defendant. | |

This matter comes before the Court on *pro se* Plaintiff Christopher C. Johnson's motion for default judgment. Dkt. 13. Because Mr. Johnson's motion fails to follow the procedure for seeking entry of default under Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55(a), the Court DENIES Mr. Johnson's motion.

Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Western District of Washington's Local Civil Rule ("LCR") 55(b)(1) further provides: "No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default has otherwise been entered."

Local Civil Rule 55(a) then sets forth specific requirements for a motion for entry of default, including that the motion must be "supported by affidavit or otherwise" and "[t]he affidavit shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4." LCR 55(a).

Mr. Johnson's motion for default judgment does not meet these requirements because he has not previously moved for entry of default and default has not been entered. In his reply brief, Mr. Johnson recognizes this deficiency and appears to ask the Court to construe his motion as one for entry of default. Dkt. 16 at 3. Because default judgments are disfavored and the procedures for seeking entry of default are important to guard the rights of the parties, the Court declines this request.

The Court therefore DENIES Mr. Johnson's motion. If Mr. Johnson chooses to move for entry of default according to the procedures set forth in LCR 55(a), the Court will then address the parties' arguments regarding service of process.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 26th day of September, 2023.

Tiffany M. Cartwright
United States District Court Judge